IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOEY SHASKE, a minor child, by and through his )
Parents, natural guardians, and next friends, JODIE )
SHASKE and JOSHUA SHASKE, )  Case No. 4:13-cv-03137
)
        Plaintiff, )
)
v. )
)
CARMIKE CINEMAS, INC., a Delaware )
Corporation, )
)
        Defendant. )
)

**CONSENT PROTECTIVE ORDER**

    Discovery in this case may involve the production and/or review of confidential medical records of Plaintiff Joey Shaske ("Shaske") or sensitive business and financial information of Carmike Cinemas, Inc. ("Carmike") (collectively referred to as the "Parties"), as well as to non-parties to this action. The Parties to this action consent to the entry of this Consent Protective Order ("Order") to protect the legitimate privacy and confidentiality interests of the Parties and non-parties alike, as well as to provide the Parties and their respective counsel certain documents relevant to the subject matter of this action. Accordingly, good cause having been shown, IT IS HEREBY ORDERED that:

    1.    For purposes of this Order, "Confidential Information" may include, but is not limited to:

        a.    Personnel records of any employee or former employee of Carmike;

        b.    Any document relating to the medical condition of former or present employees of Carmike;

1

  c. Any document that contains trade secrets information protected from disclosure by statute or confidential or sensitive commercial, business, financial, or proprietary information of Carmike;

  d. Salary, payroll, tax, insurance, or benefit information concerning current and former employees of Carmike;

  e. Any document relating to Shaske's medical condition;

  f. Other non-public personal information, including but not limited to social security numbers, unlisted home addresses, or unlisted home telephone or cell phone numbers; and

  g. Any other documents that a party in good faith designates as "Confidential Information," whether by stamping or marking the documents as "Confidential" or by including a header at the first page of the document indicating that it contains information that the party considers to be confidential.

Confidential Information may consist of documents or information produced by either party or third parties; information disclosed, discussed, or revealed in a deposition or other proceeding in this action; information disclosed or revealed in an interrogatory or document request response; or other information produced through the discovery process in this case.

  2. All documents produced by any party that contain Confidential Information and bear the label "CONFIDENTIAL" shall be treated and maintained as such by all persons to whom such documents are disclosed pursuant to the terms of this Order. All Parties and counsel for all Parties will maintain the security of such documents.

21820907v1

3. Documents and other materials designated as "Confidential" shall be used only in connection with this case and may not be disclosed wholly, in part, or in substance to persons not Parties to this lawsuit except as set forth herein.

4. Documents and other materials designated "Confidential" pursuant to the terms of this Order may only be disclosed for purposes of this litigation to counsel; employees and professional assistants of counsel; Parties; expert witnesses and identified trial witnesses; focus group participants and other trial consultants; deponents; the Court, including the judges, their law clerks, the Clerk of Court and any other court personnel; jurors; court reporters and their stenographic employees; and Carmike management employees.

5. Before documents are copied and produced for production by the Parties hereto, documents containing Confidential Information must be marked "Confidential." This requirement does not apply to documents produced by third parties.

6. Documents or information produced or disclosed during this litigation that the producing party did not designate as Confidential Information at the time of production or disclosure, but which that party later desires to designate as Confidential Information, may be so designated by notifying in writing the party to whom the documents or information was produced or disclosed within 30 calendar days after their initial production or within 14 calendar days after the entry of this Order, whichever is later. Each recipient of this notice shall then promptly mark the documents or information as "Confidential" and notify all others to whom the recipient has conveyed the documents or information of the designation as Confidential Information. Once notified, each recipient shall treat the documents or information according to the terms and restrictions of this Order. The confidential materials described above shall remain

confidential and, absent permission by the Court, will be used only for the purpose of preparation and presentation of this case.

7. Nothing in this Order requires a party to disclose Confidential Information that the party also contends is protected from disclosure based upon a privilege or for some reason other than the mere confidential nature of the document or information.

8. When disputes arise as to the applicability of this Order, such disputes shall be resolved, if possible, by agreement of the Parties to this action. If after a reasonable time the Parties cannot reach an agreement to resolve such a dispute, the Court, on motion of any party, will consider the dispute and rule accordingly.

9. The inadvertent or unintentional disclosure of any Confidential Information shall not be construed to be a waiver, in whole or in part, of Shaske's or Carmike's claims of confidentiality, either as to the specific Confidential Information disclosed or as to other related information.

10. This Order shall govern pretrial proceedings but shall be subject to modification either before, during, or after the trial upon the merits, upon application of any of the Parties to this lawsuit and for good cause shown.

11. The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown.

12. This Order shall survive the termination of this action. After this action is concluded, and any appeals are resolved, the Parties agree that any document or information designated as Confidential Information (including any copies thereof but excluding attorney

work product referring to protected information) shall be, upon request, destroyed or returned to the party from whom it was obtained within sixty (60) days.

13. **Before any person (other than the attorneys for Shaske and Carmike and their staff and the Court and its staff) can receive any Confidential Information, such person shall be furnished with a copy of this Order, shall agree to be bound by the terms of this Order, and shall execute the Confidentiality Agreement attached hereto as Exhibit "A." A copy of each such executed Agreement shall be retained by counsel and served on all Parties upon request.**

14. Any person who wishes to file with this Court any document, paper, or other tangible item disclosing Confidential Information may disclose only such information that is necessary to support the pleading, motion, or other paper to which the confidential document, paper, or other tangible item is attached, or as otherwise required by the Court.  If they so choose, the parties may seek additional protection for such material at that time (e.g., sealing of documents containing such information).

*[signatures on following page]*

AGREED AND ACCEPTED this 14th day of March, 2014.

| | |
|---|---|
| /s/ Joshua P. Wunderlich_____ | /s/ Jana L. Korhonen_____ |
| Joshua P. Wunderlich | Jana L. Korhonen |
| The Robert Pahlke Law Group | Georgia Bar No. 100125 |
| 2425 Circle Drive, Suite 200 | (admitted *pro hac vice*) |
| Scottsbluff, NE 69363-1224 | Richard Gerakitis |
| | Troutman Sanders LLP |
| Attorney for Plaintiff | 600 Peachtree Street, N.E., Suite 5200 |
| Joey Shaske | Atlanta, GA  30308-2216 |
| | (404) 885-3000 |
| | |
| | Andrea D. Snowden # 21784 |
| | Baylor, Evnen, Curtiss, Grimit & Witt, LLP |
| | Wells Fargo Center |
| | 1248 O St., Ste. 600 |
| | Lincoln, NE 68508-1499 |
| | (402) 475-1075 |
| | |
| | Attorneys for Defendant |
| | Carmike Cinemas, Inc. |

IT IS SO ORDERED, this 14th day of March, 2014.

                                                                s/ Cheryl R. Zwart\_\_\_\_\_
                                                                UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## Confidentiality Agreement

I hereby acknowledge that I have read the Consent Protective Order entered into by Plaintiff and Defendant in *Joey Shaske, a minor child, by and through his Parents, natural guardians, and next friends, Jodie Shaske and Joshua Shaske v. Carmike Cinemas, Inc., No. 4:13-cv-03137, United States District Court for the District of Nebraska.* I agree to be bound by the terms of this Consent Protective Order and I acknowledge that I fully understand the terms of this Consent Protective Order.

I will not use any documents marked "Confidential" or any information contained therein for any purpose other than litigation involving the parties in the foregoing action. I further affirm that I will not reveal any Confidential Information to, nor discuss it with, any other person except in accordance with the terms of the Consent Protective Order.

_____
Name

_____
Signature

_____
Date